Arnold L. Fein, J.
This is a motion by defendants other than the Attorney-General for summary judgment dismissing the complaint in a self-styled derivative action brought by plaintiff on behalf of the American Israeli Lighthouse, Inc., a *385 not-for-profit corporation. Essentially, the action seeks: (1) to enjoin defendants from paying any salary or other sums to Enid Dank as executive director; and (2) to direct complete disclosure of the names and addresses of all members and the books of account of the corporation.
Subdivision (a) of section 623 of the Not-for-Profit Corporation Law provides: "An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by five per cent or more of * * * [the] members * * * of such corporation.”
It is undisputed that plaintiff represents less than 5% of the corporate membership. On this basis, defendants contend plaintiff does not have standing to maintain the action. Plaintiff relies on subdivision (b) of section 720 of the Not-for-Profit Corporation Law, which provides that an action may be brought against one or more directors or officers to obtain a judgment for specified relief "by the attorney general, by the corporation, or, in the right of the corporation”. Section 720 (subd [b], par [3]) provides that the action may be brought: "Under Section 623 (Members’ derivative action brought in the right of the corporation to procure a judgment in its favor), by one or more of the members thereof.”
Defendants contend that the quoted phrase, "by one or more of the members thereof,” must be read in conjunction with the provisions of section 623, and when so read, imports the section 623 requirement that the action be instituted by at least 5% of the members of the corporation. No authorities have been cited or found requiring this construction. The question appears to be one of first impression.
It is a general principle of statutory construction that the legislative intent must be ascertained from the language used and the statutory language construed according to its natural and most commonly understood meaning (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94). Meaning and effect should be given to every clause of a statute so that no part thereof will be rendered meaningless and words are not to be rejected as superfluous when a legislative intent and meaning may be reasonably ascertained (McKinney’s, Statutes, § 231). Where practical, the court should give effect to all of the statutory language and each word and section should be read in harmony and to avoid inconsistent and conflicting provisions (McKinney’s, Statutes, § 98).
Section 623 of the Not-for-Profit Corporation Law is a gen *386 eral statutory provision which sets forth the form for the commencement of a derivative action on behalf of the corporation. Section 720 is more specific and states the conditions under which an action may be brought against the corporate directors and officers for mismanagement, waste of corporate assets and unlawful conduct.
In section 720 (subd [b], par [3]) the Legislature specifically provided that these actions may be brought: "Under section 623 * * * by one or more of the members”. If it had been intended to carry over the section 623 requirement of 5%, the statute would have expressly so provided. In such case, the phrase "by one or more of the members thereof’ would have been unnecessary. The court should not adopt such a construction and thus render superfluous this statutory language. It must be ruled that the phrase "by one or more of the members” in section 720 (subd [b], par [3]) does not relate back to the provisions of section 623, but instead, authorizes an action by one or more members for the benefit of the corporation against one or more directors or officers, upon the grounds set forth in section 720. Such a construction gives effect to the entire statute and gives recognition to the apparent legislative intent to differentiate actions against officers and directors for misconduct or misfeasance in office (§ 720) from other derivative actions (§ 623). It is not without significance that both statutory provisions were enacted simultaneously (L 1969, ch 1066). The Legislative Memoranda with reference to section 720 (subd [b], par [3]) states: "Actions to enforce the duty of care and liability of directors and officers may be brought * * * in the right of the corporation — by * * * a member (derivatively)” (McKinney’s Session Laws of 1969, p 2486).
It follows that plaintiff has sufficient standing to maintain this action in the right of the corporation for relief under section 720 of the Not-for-Profit Corporation Law. Defendants’ eighth and ninth affirmative defenses are, therefore, insufficient as a matter of law and are dismissed.
As to the merits, defendants contend that Enid Dank was requested by the nominating committee of the corporation to continue as president and to serve as a full time executive director at an annual salary of $20,000. The offer was subsequently approved by the national board and ratified at the national convention. The corporation’s certificate of incorporation does not prohibit the payment of reasonable salaries to *387 officers and employees for the reasonable value of services rendered. Plaintiff does not dispute this. Further, it appears uncontradicted that prior to 1969, a fund-raiser was paid $19,230 for a period of approximately one year and that an executive secretary received a salary of $11,900 in 1969, increased to $13,000 in 1971, and $14,300 in 1974.
Although plaintiff contends that payment of the salary to Mrs. Dank as president and executive director was improper and unreasonable, no facts in support of her claims have been offered. Plaintiff’s opposition to the motion is insufficient. She has failed to raise factual questions which would warrant a trial. In opposition to a motion for summary judgment, more is necessary than mere opinion, disputation, denial and conclusions. The opposing party must lay bare the requisite proof and present evidentiary facts sufficient to raise a triable issue of fact (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285). No evidentiary facts are submitted so as to require a hearing. A triable issue is not created by mere surmise, conjecture and suspicion (Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56, 63). No proof whatsoever has been offered as a basis for the alleged impropriety or unreasonableness of the salary approved for Mrs. Dank. In the absence of such a showing, defendants are entitled to summary judgment dismissing the complaint upon that issue.
With respect to plaintiff’s request for complete disclosure of the names and addresses of all members of the corporation and production of the corporate books of account, there is no proof that plaintiff has failed to comply with sections 621 and 718 of the Not-for-Profit Corporation Law. An appropriate demand for production was made and there has been a sufficient showing that the inspection "is not desired and will not be used for a purpose which is in the interest of a business or object other than the business of the corporation” (§ 621, subd [c]). Although plaintiff has not cross-moved for summary judgment, the court will grant such relief with respect to plaintiff’s request for inspection.
Accordingly, production as requested shall be completed within 30 days after service of a copy of the order to be settled herein.